IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| JESSICA REYNOLDS,<br>Plaintiff, | )<br>)<br>) |
| V. | ) CIVIL ACTION FILE<br>) NO. 01EV008633E<br>) |
| VENTRON MANAGEMENT, LLC,<br>LAKESHORE GP , LLC<br>(d/b/a Lakeshore Apartments)<br>Defendants. | )<br>)<br>)<br>) |

COMPLAINT FOR DAMAGES

COMES NOW JESSICA REYNOLDS, Plaintiff in the above-styled case and files this, her Complaint for Damages and shows this honorable Court as follows:

1.

Defendants are "artificial persons" doing business at the following addresses: Lakeshore Apartments, 1281 Brockett Road, Clarkston, Georgia 30021; and Ventron Management, LLC, 1281 Brockett Road, Clarkston, Georgia 30021. Said Defendants are incorporated under the laws of the State of Georgia and, accordingly, may be considered residents of the State of Georgia, and may be served through its Registered Agent, to wit: William J. Wright, 4170 Ashford Dunwoody Road, Suite 285, Atlanta, Georgia 30319.

2.

On or about February 15, 2008 Plaintiff, executed a leasing agreement and became a bona fide resident of an apartment complex located at 1281 Brockett Road, Clarkston, Georgia 30021 and named Lakeshore Apartments.

1



3.

On or about November 6, 2008 Plaintiff returned to her residential domicile and was accosted by an armed intruder who gained unauthorized access to Plaintiff's domicile by breaking and entering into Plaintiff's apartment.

4.

At the time indicated, Plaintiff was confronted by the armed intruder and was the victim of a violent attack, during which Plaintiff was seriously injured by a firearm that was purposefully discharged by the intruder with the purpose of causing serious bodily injury and/or death to the Plaintiff.

5.

At the time of the aforementioned incident and up to and until the present time, Defendants were legally responsible for the upkeep, maintenance, safety, and security of the area, including the common areas and the areas of ingress and egress at the apartment complex which encompassed the domicile leased by Plaintiff. The assailant accosted Plaintiff and caused Plaintiff to suffer serious bodily injuries during the attack.

6.

Plaintiff now shows that, under the laws of the State of Georgia, Defendants possessed a legal duty to act reasonably and to refrain from unreasonable acts in order to keep the premises where Plaintiff lived safe and to provide for the general security of the apartment complex which encompassed the domicile leased by Plaintiff and entered by the assailant who accosted Plaintiff.

7.

Plaintiff also shows that, in fact, Defendants failed to take reasonable precautions to keep the premises where Plaintiff lived safe and to provide for the general security of the apartment complex which encompassed the domicile leased by Plaintiff and entered by the assailant who accosted Plaintiff.

8.

Plaintiff further shows that the aforementioned breach of duty by Defendants which allowed the assailant to have access to the premises where Plaintiff lived was the proximate cause of the injuries suffered by Plaintiff during the attack.

9.

Plaintiff now shows that Defendants knew or should have known that their failure to take reasonable steps to keep the premises where Plaintiff lived safe and to provide for the general security of the apartment complex leased by Plaintiff and entered by the assailant who accosted Plaintiff would likely result in an attack by an intruder against Plaintiff and/or others similarly situated.

10.

Plaintiff also shows that, to the extent that Defendants knew or should have known that their failure to take reasonable steps to keep the premises where Plaintiff lived safe and to provide for the general security of the apartment complex, Defendants had a duty to notify Plaintiff and/or others similarly situated of their failures therein such that Plaintiff could be put on notice to take reasonable precautions to promote her personal safety against any intruders who might gain access to the premises as a result.

11.

Plaintiff shows that the Defendants' failure to notify Plaintiff of the lapses in the general security of the apartment complex was the proximate cause of the injuries suffered by Plaintiff during the attack mentioned herein, above.

12.

Plaintiff additionally shows that Defendants have shown reckless indifference to the threats to the personal safety of residents of the apartment complex posed by Defendants' failure to take reasonable steps to keep the premises where Plaintiff lived safe and to provide for the general security of the apartment complex.

13.

Plaintiff also shows that she was forced to vacate Defendants' premises based upon her continuing fears engendered by Defendants' prior failure to secure the premises and, as such, Defendants' actions and failures to act constituted a wrongful constructive eviction.

14.

Plaintiff also shows that she was forced to vacate Defendant's premises based upon her continuing fears engendered by Defendants' prior failure to secure the premises and, as such, Defendants' actions and failures to act constituted a breach of contract.

15.

Plaintiff also shows that she has been forced to retain legal counsel in order to protect her interests, and Plaintiff shows that she is entitled to recoup the costs and expenses created thereby from Defendants.

16.

The amount of the loss sustained by Plaintiff as a direct and proximate cause of the actions and omissions on the part of one or all of the named Defendants is to be determined by a jury, however now Plaintiff shows that this claim is based upon emotional distress, past, present and future pain and suffering, general damages, special damages, loss of earning potential, lost wages, past, present and future medical expenses diminished life expectancy, expenses for physical rehabilitation and other losses to be proven at trial.

WHEREFORE, Plaintiff respectfully prays as follows:

(a) That Plaintiff be awarded damages for losses sustained in this case;

(b) That Summons issue, and the Defendants show why they should not be held liable for the damages sustained by Plaintiff, which will be proven at trial;

(c) That Defendants be ordered to pay Plaintiff's legal fees, costs, and expenses for bringing the instant case forward;

(d) For such other and further relief as the Court may deem meet, right, and just.

Respectfully submitted, this _10_ day of _November_, 2009.

_____
Careton R. Matthews
Attorney for Plaintiff
GA Bar No. 447440

4820 Redan Road, Suite B
Stone Mountain, GA 30088
(404) 298-9098 [office]
(404) 298-7969 [fax]

5